**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LORRIE O'NEAL,

*Plaintiff,* **CASE NO.:**

v.

SUMPTER ENTERPRISES, INC.
d/b/a McDonald's

*Defendant.* /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Lorrie O'Neal ("Plaintiff" or "O'Neal") brings this action against Defendant Sumpter Enterprises, Inc. d/b/a McDonald's ("Defendant") and alleges as follows:

**INTRODUCTION**

1. Plaintiff is a female who expressed her interest in working as a grill cook at a McDonald's franchise location in Wahneta, Florida. Defendant, through its employees, repeatedly advised Plaintiff that its franchise owner maintained a policy of refusing to hire women as grill cooks because women were purportedly "clumsy" and more likely to get burned. Despite Plaintiff's prior experience and qualifications for the position, Defendant refused to hire her because of her sex.

2. This is an action for unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is a resident of Polk County, Florida.

4. Defendant is a Florida corporation with its principal place of business in Florida.

5. Plaintiff was an applicant for employment within the meaning of Title VII and the FCRA at all times relevant to this Complaint.

6. Defendant was an "employer" within the meaning of Title VII and the FCRA at all times relevant to this Complaint.

7. This Court has subject matter jurisdiction over Plaintiff's claims arising under Title VII pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's related claims under the FCRA pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal claims.

9. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business and continuously conducts substantial business within this District.

10. Venue is proper in this district because Defendant is subject to personal jurisdiction in this District and because the acts and omissions complained of herein occurred in this District. *See* 42 U.S.C. § 2000e-5(f)(3).

11. On or about July 17, 2026, Plaintiff timely filed a Charge of Discrimination alleging discrimination because of sex against Defendant with the United States Equal

Employment Opportunity Commission ("EEOC"). This charge was dual-filed with the Florida Commission on Human Relations.

12. On August 11, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights to Sue authorizing Plaintiff to institute a civil action against Defendant.

## GENERAL ALLEGATIONS

13. Plaintiff is a female.

14. Defendant is a Florida corporation that operates McDonald's franchise restaurants, including locations at 2019 Spirit Lake Road, Winter Haven, Florida 33880 (the "Winter Haven Location"), and 116 E. 2nd Street, Wahneta, Florida 33880 (the "Wahneta Location").

15. At all times material to this action, Defendant was responsible for establishing, implementing, and enforcing hiring policies and practices applicable to the McDonald's franchise locations it operated.

16. On or about September 29, 2025, Plaintiff applied to work at the Wahneta Location.

17. A Recruiting Assistant e-mailed Plaintiff on September 29, 2025, and instructed her to appear at Defendant's Winter Haven Location for an interview concerning employment at the new Wahneta Location.

18. On September 30, 2025, Plaintiff met with a person named Sabi and interviewed for a position at the Wahneta Location.

19. In response to Sabi's question regarding her position preferences, Plaintiff informed Sabi that she preferred to work as a grill cook because she had prior

experience performing that work and enjoyed the responsibilities associated with the position.

20. Further, Plaintiff had previously worked for a McDonald's franchise and was familiar with the duties and responsibilities associated with restaurant employment and the grill cook role.

21. Sabi asked whether Plaintiff would instead be interested in preparing sandwiches. Plaintiff reiterated that she preferred to work as a grill cook because of her prior experience and interest in that position.

22. On or about October 1, 2025, approximately one day after her interview, Plaintiff received an email notifying her that Defendant would not be moving forward with her application for employment.

23. Plaintiff called the Winter Haven Location and inquired about her application and preference for a grill cook position. She spoke to a man who identified himself as a manager and informed her, "That's why you didn't get the job, because the owner doesn't hire women for grill cook."

24. Plaintiff questioned the manager's statement and sought clarification regarding Defendant's refusal to hire women for the position. The manager explained, "Women are clumsy and tend to get burned. That's why."

25. Plaintiff contacted the restaurant a second time during the morning of October 1, 2025.

26. During this second telephone conversation, Plaintiff spoke with an individual who identified themselves as Alex, Defendant's General Manager.

27. Plaintiff explained to Alex that another manager had informed her that Defendant did not hire women as grill cooks.

28. Rather than denying the existence of such a policy, Alex confirmed the previous manager's explanation.

29. Alex informed Plaintiff that the Wahneta Location was a franchised McDonald’s restaurant and that its owner established the rules governing employment at the restaurant.

30. Alex further confirmed that the franchise owner did not hire women as grill cooks, explaining “he’s the owner, he makes the rules, and we have to obey them.”

31. During her conversation with Alex, Plaintiff explained that Sabi had never informed her during the interview that women were not considered for grill cook positions.

32. Plaintiff further explained that, had she been informed of Defendant’s discriminatory hiring restriction, she would have agreed to work preparing sandwiches instead.

33. Plaintiff reiterated her continued interest in employment with Defendant and requested consideration for another available position.

34. Despite Plaintiff’s expressed willingness to accept another position, Defendant did not contact Plaintiff regarding any alternative employment opportunity.

**COUNT I – VIOLATION OF TITLE VII (DISCRIMINATION)**

35. Plaintiff realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff is a female and therefore a member of a protected class under Title VII.

37. Plaintiff possessed the experience and qualifications necessary for the grill cook position with Defendant, including prior experience performing grill cook duties at McDonald's.

38. Defendant subjected Plaintiff to an adverse employment action because of her sex when it refused to hire her for the grill cook position pursuant to its policy or practice of excluding women from such positions based on discriminatory sex-based stereotypes.

39. Plaintiff's sex was a motivating factor in Defendant's decision not to hire her for the grill cook position.

40. Alternatively, Defendant would not have denied Plaintiff employment as a grill cook but for her sex.

41. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer lost wages, lost benefits, loss of employment opportunities, emotional distress, humiliation, inconvenience, and other compensable damages.

42. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages under Title VII.

**COUNT II – VIOLATION OF FCRA (DISCRIMINATION)**

43. Plaintiff realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

44. Plaintiff is female and therefore a member of a protected class under the FCRA.

45. Plaintiff possessed the experience and qualifications necessary for the grill cook position with Defendant, including prior experience performing grill cook duties at McDonald's.

46. Defendant subjected Plaintiff to an adverse employment action because of her sex when it refused to hire her for the grill cook position pursuant to its policy or practice of excluding women from such positions based on discriminatory sex-based stereotypes.

47. Plaintiff's sex was a motivating factor in Defendant's decision not to hire her for the grill cook position.

48. Alternatively, Defendant would not have denied Plaintiff employment as a grill cook but for her sex.

49. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer lost wages, lost benefits, loss of employment opportunities, emotional distress, humiliation, inconvenience, and other compensable damages.

50. Defendant acted with malice or reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages under the FCRA.

## REQUEST FOR RELIEF

51. Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

A. Back pay, lost benefits, front pay, and other economic damages arising from Defendant's respective violations of Title VII and the FCRA;

B. Compensatory damages for emotional distress, mental anguish, humiliation, inconvenience, loss of dignity, reputational injury, and other intangible injuries from Defendant's respective violations of Title VII and the FCRA;

C. Punitive damages to the fullest extent permitted under Title VII and the FCRA;

D. Pre-judgment and post-judgment interest;

E. An award of costs and reasonable attorneys' fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 7, 2026

Respectfully submitted,

By: */s/ Christopher S. Prater*
Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com
**LEAD COUNSEL**

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

**Pollard PLLC**
500 East Broward Blvd., #950
Fort Lauderdale, FL 33394
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff*